IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT EUGENE MEDFORD,

        Petitioner,

    v.

ROB PERSSON,

        Respondent.

Civil No. 6:12-cv-02177-AC

FINDINGS AND RECOMMENDATION

KRISTINA HELLMAN
Assistant Federal Public Defender
101 SW Main Street
Suite 1700
Portland, OR  97204

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

Petitioner, an inmate at the Oregon State Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) should be DENIED.

## BACKGROUND

On September 12, 2006, a Linn County grand jury indicted Petitioner on two counts each of Unlawful Delivery of Methamphetamine to a Person Under 18 Years of Age; Sexual Abuse in the First Degree; and Rape in the Second Degree. The charges were based upon an alleged relationship between Petitioner and a 13-year-old girl.

Petitioner waived his right to a jury trial and the case was tried to the court. Following the bench trial, the trial judge found Petitioner guilty of two counts of Rape in the Second Degree and one count of Unlawful Delivery of Methamphetamine to a Person Under 18 Years of Age. The trial judge acquitted Petitioner on the remaining charges. The trial judge sentenced Petitioner to 75 months of imprisonment on each of the rape counts and 20 days on the delivery of methamphetamine count. The judge ordered the 20-day sentence to run concurrently, and 30 months of the second rape sentence to run concurrently, so the term of imprisonment totaled 120 months.

Petitioner filed a direct appeal. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *State v. Medford*, 227 Or. App. 642, 206 P.3d 1222, *rev. denied*, 346 Or. 343, 213 P.3d 578 (2009).

Petitioner then sought state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Medford v. Premo*, 250 Or. App. 570, 284 P.3d 599, *rev. denied*, 352 Or. 600, 292 P.3d 74 (2012).

On November 30, 2012, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges two claims of ineffective assistance of trial counsel:

> Petitioner was deprived of effective assistance of trial counsel failed to [sic]: (1) Move for a judgment of acquittal on count 4 on grounds that the State failed to prove beyond a reasonable doubt that Petitioner delivered the controlled substance methamphetamine to the alleged victim; (2) Advise Petitioner that because the alleged victim was 13 years old, he had no statutory affirmative defense to counts 2, 3, 5, and 6 based upon his perception of the alleged victim[']s age. Petitioner could not meaningfully consider the State[']s pretrial offer and rejected it when he otherwise would have accepted it.

Petitioner addresses only the second claim in his Brief in Support of Petition for Writ of Habeas Corpus. Respondent argues Petitioner fails to meet his burden of proof on the un-briefed claim, and that the PCR court decision denying relief on the second claim was not contrary to or an unreasonable application of clearly established federal law.

## LEGAL STANDARDS

### I.    Deference to State Court Decision

Under 28 U.S.C. § 2254(d), an application for a writ of habeas corpus shall not be granted unless the adjudication on the merits in State court:

> (1) was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

In *Williams v. Taylor*, 529 U.S. 362, 386–389 (2000), the Supreme Court construed this provision to require federal habeas courts to be highly deferential to the state court decisions under review. In *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398–1402 (2011), the Court reiterated the highly deferential nature of federal habeas review, and limited federal review "to the record that was before the state court that adjudicated the claim on the merits."

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005). An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974.

"The state court's application of law must be objectively unreasonable." *Williams*, 529 U.S. at 411. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Woodford v. Visciotti*, 537 U.S. 19, 24–25 (2002) (internal citations omitted).

"[A] habeas court must determine what arguments or theories . . . could have supporte[d] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Pinholster*, 131 S.Ct. at 1402 (citing *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Hibbler v. Benedetti*, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting *Harrington*, 131 S.Ct. at 786) (other internal quotation omitted), *cert. denied*, 133 S.Ct. 1262 (2013). "'[T]he question under [the Anti-Terrorism and Effective Death Penalty Act] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Id.* at 1146 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

## II.   Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." *Strickland*, 466 U.S.

at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. *Id*. at 689–90.

A federal court reviews a state court's application of *Strickland* for reasonableness, not for correctness. *Premo v. Moore*, 562 U.S. 115, 131 S. Ct. 733, 740 (2011) . The federal court does not ask "'whether counsel's actions were reasonable'" but "'whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.'" *Id*. (quoting *Harrington*, 131 S. Ct. at 788). "Accordingly, a 'doubly deferential judicial review' applies to *Strickland* claims rejected by the state court." *Id*. (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

The Supreme Court has applied the *Strickland* two-part analysis to ineffective assistance claims arising out of the plea process. *Hill v Lockhart*, 474 U.S. 52, 59 (1985); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The prejudice prong of *Strickland* in the plea context requires a petitioner to "show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. at 1384. When a petitioner alleges that a violation of the right to counsel resulted in the rejection of a favorable plea offer, the petitioner "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the [petitioner] would have accepted the plea and the prosecutor would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385.

## DISCUSSION

### I.    Failure to Move for Judgment of Acquittal on the Unlawful Delivery of Methamphetamine to a Person Under 18 Years of Age

Petitioner does not address his claim that counsel provided ineffective assistance by failing to move for a judgment of acquittal on the charge of Unlawful Delivery of Methamphetamine upon which he was convicted. Upon the Court's review of the unaddressed claim, Petitioner is not entitled to relief on the ground alleged in the Petition but not addressed in his Brief in Support. *See* 28 U.S.C. § 2248 ("[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent the judge finds from the evidence that they are not true.")

On this record, the Court concludes the state PCR court decision denying relief on this claim was not contrary to or an unreasonable application of clearly established federal law. Accordingly, the decision is entitled to deference and federal habeas corpus relief is not warranted.

### II.    Failure to Advise Petitioner he had no Statutory Defense to the Sex Offense Charges Because of the Victim's Age

Petitioner argues trial counsel provided constitutionally ineffective assistance of counsel because he incorrectly informed Petitioner that he could not be convicted of the Sex Abuse and Rape charges if he reasonably believed the victim was at least eighteen years of age. Petitioner contends that as a result of that advice, he rejected a plea offer from the prosecutor and proceeded to trial based both on a denial of the allegations and a mistake-of-age defense.

Following an evidentiary hearing, the PCR trial judge rejected this claim. The judge issued the following pertinent Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

\* \* \*

3.    Petitioner has failed to demonstrate any failure by trial counsel such that counsel's acts were constitutionally inadequate. Likewise, Petitioner has failed to establish that any acts or failures of trial counsel had any likelihood of affecting the outcome of the proceedings.

\* \* \*

5.    Petitioner's rejection of any pretrial offer was knowing, voluntary, and intelligent. Any assessment about the viability of particular legal defenses was not the basis for petitioner's decision to proceed to trial and reject any pre-trial offers. Petitioner wanted to proceed to trial in hopes that the court would find the victim not credible. During trial itself, trial counsel tried to discuss plea negotiations with petitioner, but petitioner did not want to consider any plea negotiations.

\* \* \*

## CONCLUSIONS OF LAW

1.    Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in Petitioner's conviction, Petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

\* \* \*

3.    Petitioner did not prove the facts underlying any of his post-conviction claims by a preponderance of evidence. Thus petitioner has not shown, as required by *Strickland*, (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of the proceedings would have been different.

\* \* \*

Resp. Exh. 128, pp. 3-6.

Petitioner does not provide clear and convincing evidence to rebut the presumption of correctness of the PCR trial judge's findings of fact. Moreover, the decision to deny PCR relief was not contrary to or an unreasonable application of *Strickland*.

Petitioner's trial attorney attested in his affidavit in the state PCR proceeding that Petitioner rejected pre-trial plea offers because Petitioner wanted to proceed to trial in the hope that the trial judge would find the victim not credible. The PCR judge found this statement credible, and found that any assessment of the viability of a particular legal defense was not the basis of the rejection. Instead, the PCR court found Petitioner wanted to proceed to trial, hoping the court would find the victim not credible. This finding is supported by the record.

In support of his claim that trial counsel incorrectly advised him of the viability of a mistake-of-age defense, Petitioner argues it was the primary thrust of his defense at trial. The record, however, belies this.

In his opening statement, trial counsel premised Petitioner's defense on a straight denial that there was every any sexual contact between the victim and Petitioner. At no time during opening argument did counsel indicate to the court that the anticipated evidence and defense would be based upon a mistake of age.

Petitioner then elected to testify and deny, repeatedly, any and all sexual contact with the victim. While questioning of witnesses throughout the trial established that the victim initially told Petitioner she was 18 years old, other evidence, including testimony from the victim's mother, established that Petitioner acknowledged he was informed that the victim was only 13, and that he continued to have sexual contact with her nonetheless.

During closing argument, trial counsel again advanced the primary defense that the sexual contact never occurred. Counsel based his argument on Petitioner's denial of the sexual contact and an attack on the victim's credibility as a young woman who was infatuated with Petitioner. Counsel then advanced a secondary defense, telling the court that "I'm just throwing this up to see where it lands." Resp. Exh. 103, p. 178. Counsel stated "I'd ask the Court to look at – and again, if the Court – and it depends how the Court's going to read this" and proceeded to ask the judge to read the statute in question in a "strict literal way" to allow for an affirmative defense based on age. Resp. Exh. 103, p. 179.

It is apparent that, contrary to Petitioner's argument, "mistake of age" was not the primary defense advanced at trial, but rather a last-ditch effort to obtain a favorable result in the event the trial judge found the victim credible. Petitioner's argument that the fact the "mistake of age" defense was presented at trial supports his claim he would have accepted the pre-trial plea offer had he known the defense was not viable is not persuasive.

Petitioner's showing falls well short of establishing either deficient performance or prejudice under *Strickland* and *Lafler*. *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) (unsupported self-serving statements not enough to establish ineffective assistance in connection with plea offer; "[i]f the rule were otherwise, every rejection of a plea offer, viewed perhaps with more clarity in the light of an unfavorable verdict, could be relitigated upon the defendant's later claim that had his counsel better advised him, he would have accepted the plea offer.") Accordingly, the PCR court's decision denying relief on Petitioner's claim is entitled to deference, and  habeas corpus relief should be denied.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus (#1) should be DENIED and a judgment of DISMISSAL should be entered.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due January 30, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 15th day of January, 2015.

John V. Acosta
United States Magistrate Judge

\\\\Medford_data\shares\Shares\Acosta Share\12-2177medford0115f&r.wpd